■ CHASE MANHATTAN BANK, N.A., Respondent, v EDITH M. CANNON, Appellant. CHASE MANHATTAN BANK, N.A., Appellant, v PUD INDUSTRIES, INC., Respondent. — Judgment, Supreme Court, New York County, entered December 1, 1980, in favor of plaintiff in the amount of $142,394.94, unanimously reversed, on the law, without costs, and motion for summary judgment denied without prejudice to renewal after discovery. Plaintiff is directed to serve and file a complaint within 20 days after service upon it of a copy of the order to be entered hereon, and defendant is. directed to interpose an answer within 20 days thereafter. Appeals from orders entered November 20, 1980 and November 26, 1980, dismissed as subsumed in the

judgment, without costs. Order, Supreme Court, New York County, entered December 1, 1980, denying plaintiff's motion for summary judgment in lieu of complaint, in an action to recover on a note, unanimously affirmed, without costs, and without prejudice to renewal after discovery. These are two actions by plaintiff bank commenced by notice of motion for summary judgment in lieu of complaint pursuant to CPLR 3213, for the principal and interest on several notes, together with attorneys' fees. The similarity of the underlying facts and legal issues presented makes it appropriate to consider the appeals together. In the action against Edith Cannon, defendant appeals from a judgment granting plaintiff's motion for summary judgment for the principal amount of the notes in question, plus interest, and severing the claim for attorneys' fees. In the action against PUD Industries, Inc., plaintiff appeals from an order denying its motion for summary judgment in lieu of complaint. The record suggests the possibility that there may be facts within the possession of the plaintiff, and not presently available to the defendants, that would be relevant to defenses interposed by defendants, particularly the claim that the notes sued upon were discharged by an executed accord and satisfaction. Accordingly, we have concluded that these issues should not be finally determined until after defendant has had an opportunity for discovery. (See CPLR 3212, subd [f].) Concur — Sandler, J. P., Ross, Carro, Markewich and Fein, JJ.